**Opinion filed March 3, 2011**



# In The

# Eleuenth Court of Appeals

_____

## Nos. 11-10-00266-CR & 11-10-00267-CR

_____

## WALTER LEE SHEEHAN, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. A-33,423 & A-33,424**

### M E M O R A N D U M   O P I N I O N

Pursuant to a plea agreement, Walter Lee Sheehan pleaded guilty in 2006 to the offense of aggravated robbery in Cause No. 11-10-00266-CR and to the offense of robbery in Cause No. 11-10-00267-CR. The trial court deferred a finding of guilt and placed him on deferred adjudication community supervision for a term of ten years for both offenses. In January 2010, the State filed a motion to proceed with an adjudication of guilt, alleging a single violation of the terms and conditions of community supervision. The initial motion to proceed was resolved by an order amending the rules of community supervision in March 2010.

The State filed a subsequent motion to proceed with an adjudication of guilt in July 2010, alleging multiple violations of the terms and conditions of community supervision. Specifically, the State alleged the following violations in the subsequent motion to proceed: (1) that appellant failed to abstain from the use of alcohol on or about June 21, 2010; (2) that appellant failed to submit to a random urine test on or about July 8, 2010; (3) that appellant committed the offense of "Assault Family Violence" on or about May 12, 2010; and (4) that appellant failed to complete required community service. The trial court heard the subsequent motion to proceed on August 25, 2010. At the outset of the hearing, the State advised the trial court that it desired to abandon the fourth allegation concerning community service. Appellant pleaded "true" to the first alleged violation pertaining to the use of alcohol and "not true" to the other allegations. At the conclusion of the hearing, the trial court found the three allegations to be true, adjudicated appellant guilty of the charged offenses, and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years for both offenses with the sentences to be served concurrently. We dismiss the appeals.

In each appeal, appellant's court-appointed counsel has filed a motion to withdraw. Each motion is supported by a brief in which counsel professionally and conscientiously examines the records and applicable law and states that he has concluded that the appeals are frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

---

[1]By letter, this court granted appellant thirty days in which to exercise his right to file a response to counsel's brief.

We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review by the Texas Court of Criminal Appeals. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motions to withdraw are granted, and the appeals are dismissed.


PER CURIAM


March 3, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.